IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERON KENNETH HOLSTON,

    Plaintiff,                    No. CIV S-09-2954 DAD P

    vs.

JOSEPH DeBRANCA, et al.,        ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On May 28, 2010, defendants DeBranca and Spadini moved to dismiss this action, arguing that plaintiff had failed to exhaust available administrative remedies prior to filing this suit. Plaintiff has filed an opposition to the motion, and defendants have filed a reply. Plaintiff has also filed an unauthorized response to defendants' reply. See Local Rule 230(l).

**BACKGROUND**

        Plaintiff is proceeding on an amended complaint against defendants DeBranca and Spadini. Therein, he alleges as follows. On May 11, 2008, defendants stopped him in front of Walmart in Marysville, California. They asked him why he threw his bicycle, and he told them that he was upset because the store would not take back the recently-purchased bicycle because

1

there was no mechanic on duty to inspect it.  According to the complaint, the defendants noticed alcohol in plaintiff's possession and smelled alcohol and proceeded to place him under arrest. Plaintiff did not resist and cooperated with defendants when they told him they were going to place him in a four-point restraint with handcuffs, leg restraints, and a waist chain.  On the way to the Yuba County Jail, plaintiff acknowledges that he directed aggressive and abusive language towards the defendants after they sided with Walmart about the bicycle dispute.  However, plaintiff alleges that at no time did he make any threats or "challenge to violence."  (Am. Compl. at 5a-5c.)

When they arrived at the jail and parked in the garage, both defendants were outside of the vehicle when defendant DeBranca asked plaintiff, "You want to fight?"  Plaintiff remained silent and did not respond.  Then, defendant DeBranca opened the door and stepped back.  Plaintiff stepped out and took one step toward defendant DeBranca.  According to plaintiff, defendant DeBranca appeared angry and took hold of plaintiff's left arm with his left hand and put his right hand on plaintiff's left shoulder.  At the same time, defendant Spadini put his right hand on plaintiff's right arm and his left hand on plaintiff's right shoulder.  Together the defendants allegedly pushed plaintiff toward the vehicle with such force that plaintiff's head made contact with the trunk of the vehicle and caused a deep cut about three inches long across the center of his forehead.  When plaintiff saw blood and felt the shock of pain, he tried to straighten up.  Defendant DeBranca then held his clothing and waist chain and slung him to the ground.  Both defendants then got on top of plaintiff, and defendant DeBranca used his knee to rub plaintiff's face in the cement causing a laceration on the left side of his face and lacerations around his head.  (Am. Compl. at 5c-5d.)

Based on these allegations, plaintiff claims that the defendants used excessive force against him in violation of the Fourth Amendment.  He also asserts state law claims for assault and battery as well as negligence.  In terms of relief, plaintiff requests monetary damages and a declaratory judgment.  (Am. Compl. at 5a.)

## DEFENDANTS' MOTION TO DISMISS

I. <u>Defendants' Motion</u>

Counsel for defendants argues that plaintiff failed to exhaust his available administrative remedies prior to filing this suit. Specifically, counsel argues that plaintiff is a "prisoner" for purposes of the exhaustion requirement because he was incarcerated when he filed this suit, and the alleged excessive force of which he complains constitutes a "prison condition." Defense counsel also argues that plaintiff had administrative remedies available to him. In this regard, defense counsel explains that the Yuba County Jail Inmate Handbook tells inmates that they may submit their complaints by filing a grievance form with Yuba County Jail personnel. Plaintiff, who was incarcerated in Chuckawalla Valley State Prison at the time he filed this lawsuit, also could have filed his grievance by mail according to defense counsel. Alternatively, counsel contends that plaintiff could have mailed his grievance to the Yuba County Grand Jury, the California Corrections Standards Authority, or the California Rural Legal Assistance. Defense counsel notes that plaintiff nonetheless failed to pursue, let alone exhaust, any of these administrative remedies. Finally, defense counsel argues that plaintiff's state law claims should be dismissed because they are based on the court's supplemental jurisdiction. (Defs.' Mot. to Dismiss at 4-6.)

II. <u>Plaintiff's Opposition</u>

In opposition to the pending motion to dismiss, plaintiff argues that the exhaustion requirement does not apply to him under these circumstances. Specifically, plaintiff argues that he was a prisoner at the time he filed this cause of action, but his incarceration was based on a conviction for petty theft with a prior and not related to the circumstances he alleges in his amended complaint filed with this court. Plaintiff also argues that his amended complaint does not concern "prison conditions" but rather is about the unreasonable force defendants used against him when he was a free citizen. Finally, plaintiff argues that he was never actually housed in the Yuba County Jail and never received the Inmate Handbook referred to by defense

counsel. After the alleged incident in the parking garage with the defendants, plaintiff states that he was taken to the hospital and then back to the jail where he was booked and released on his own recognizance. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-3, 9-10.)

III. Defendants' Reply

In reply, defense counsel reiterates that plaintiff is a "prisoner" for purposes of the exhaustion requirement because he was incarcerated at the time he filed this suit. In addition, counsel repeats that excessive force is a "prison condition" because "prison condition" is defined broadly and includes "general circumstances or particular episodes." Finally, counsel notes that contrary to plaintiff's contention, he was incarcerated in the Yuba County Jail. According to defense counsel, plaintiff arrived at the jail at 7:56 p.m. on May 11, 2008, and remained there until 6:19 a.m. on May 12, 2008, except for the time he was at the hospital for medical clearance. Defense counsel argues that had plaintiff filed a grievance with the Yuba County Jail, the Yuba County Sheriff's Department would have investigated it and would have had the authority to take corrective action. (Defs.' Reply at 2-4.)

**ANALYSIS**

I. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against

reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt , 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[1] Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

II. Discussion

As noted above, the PLRA requires a prisoner to exhaust only those administrative remedies "as are available." The Ninth Circuit has recently recognized that the PLRA does not require a prisoner to exhaust his constitutional claims when circumstances render administrative remedies "effectively unavailable." See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th

---

[1] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b) on March 17, 2010. (Order filed Mar. 17, 2010 at 3-4.)

Cir. 2010) (improper screening of plaintiff's prison grievances found to render administrative remedies effectively unavailable); Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). Under the circumstances of this case, the court finds that administrative remedies with respect to the actions complained of in this action were "effectively unavailable" to plaintiff through the Yuba County Jail grievance process.

The Yuba County Jail Inmate Handbook details the grievance procedure available to prisoners incarcerated at the Yuba County Jail. It states that, if a prisoner has a complaint related to his conditions of confinement, he should attempt to resolve the matter informally with the floor officer. If he is unable to do so, he may file a grievance by completing the grievance form and forwarding it to any officer. Grievance forms are provided to prisoners upon request and as soon as practical. After receiving a grievance, the shift supervisor gathers all possible information and attempts to settle the complaint within 48 hours. If the complaint is resolved, the prisoner may sign the grievance form indicating that it has been satisfactorily settled. The grievance is then closed. If the grievance is not satisfactorily settled, the Jail Commander or his designee must hold a hearing within 72 hours of receiving the written complaint. During the hearing, the prisoner and witnesses may be heard and all relevant information is reviewed. If the prisoner is not satisfied with the decision of the Jail Commander, he may appeal to the grievance panel, which is composed of the Undersheriff, an officer with the Sheriff's Department, and a person assigned to serve by the head of the Yuba County Probation Department. An appeal hearing will be held within seven working days of the prisoner filing the appeal. At the hearing, the prisoner will be given a chance to explain his complaint and suggest a resolution. The panel will give the prisoner a written decision within 72 hours after completion of the hearing. The

/////
/////
/////
/////

appeal panel's decision is final.[2] (Defs.' Mot. to Dismiss, Read Decl. Ex. A. at 14-15.)

In this case, defendants have failed to submit sufficient evidence demonstrating that it was possible for plaintiff to request, receive, and submit a grievance form sometime during the few middle-of-the night hours he was at the Yuba County Jail. See Marella v. Terhune, 568 F.3d 1024, 1028 (9th Cir. 2009) (an administrative remedy is "available" only if the prisoner has "the opportunity and ability" to file a grievance). As defendants acknowledge, plaintiff arrived at the Yuba County Jail at 7:56 p.m. on Sunday, May 11, 2008. Subsequently, he was taken to the hospital for medical clearance. He returned to the jail at 10:24 p.m. and remained there until 6:19 a.m. on Monday, May 12, 2008, when he was released. (Defs.' Reply, Read Decl. ¶4.)

Moreover, even if plaintiff had been able to submit a grievance form, the shift supervisor then would have gathered information on the complaint and attempted to settle the complaint within 48 hours. However, plaintiff was not even at the jail long enough to participate in any investigation let alone hear any shift supervisor's decision. Nor was he at the jail long enough to pursue his appeal or attend any hearings on the complaint if he was not satisfied with the shift supervisor's resolution of his complaint. See Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2004) (defendants must demonstrate that, as a practical matter, some relief was "available").

Although Undersheriff Read declares that the jail would have investigated plaintiff's allegations had he submitted a grievance by mail, defendants have failed to submit sufficient evidence demonstrating that a grievance-by-mail procedure actually exists and is available to former inmates. Notably, there is no provision in the Inmate Handbook indicating that former inmates may pursue a grievance by mail. See Marella, 568 F.3d at 1028; cf. Sapp, 623 F.3d 813 ("draconian procedural requirements that would 'trip[] up all but the most skillful

/////

---

[2] Under "Other Complaint Procedures," the Inmate Handbook states that a prisoner can also complain to the Yuba County Grand Jury, which is required by state law to inspect the Jail, the California Corrections Standards Authority, or California Rural Legal Assistance. (Read Decl. Ex. A. at 15.)

prisoners' . . . might also render administrative remedies effectively unavailable so as to excuse failure to exhaust").

Finally, defendants argument that plaintiff was required to exhaust administrative remedies with respect to his claim that arresting officers used excessive force against him is meritless. See Gilbert v. French, Civil Action No. H-06-3986, 2008 WL 13690, at * 4 (S.D. Tex. June 19, 2008) ("[A]dministrative review is not required where, as here, there is no allegation concerning unlawful prison conditions suffered by a prison inmate."); Wilson v. Thomas, Civil Action No. H-07-1104, 2008 WL 2491650, at *4, fn. 4 (June 18, 2008) (holding that the PLRA exhaustion requirement "does not apply" to claim that excessive force was used in plaintiff's arrest); Caruthers V. McCawley, No. 8:07-CV-134-T-30TBM, 2007 WL 4326785, at *2 (M.D. Fla. Dec. 7, 2007) ("The circumstances surrounding Plaintiff's apprehension and arrest do not concern "prison life" or 'conditions of confinement'" and such claims are therefore not subject to the PLRA's exhaustion requirement); Davis v. Mancuso, No. 05-2217-LC, 2006 WL 2714456, at *2 (W.D. La. Aug.8, 2006) ("Plaintiff's claims regarding the alleged beatings by . . . police prior to his being placed in [jail], would . . . not be subject to the grievance procedures [of the PLRA]."); Roach v. Bandera County, No. SA-02-CA-106-XR, 2004 WL 1304952, at *4 (W.D. Tex. June 9, 2004) ("Plaintiff's complaint that Defendants . . . violated his Fourth Amendment right to be free from excessive force during his arrest . . . is not covered by the PLRA's exhaustion requirement."). Simply put, plaintiff was not required to exhaust his Fourth Amendment claims by pursuing such a grievance prior to filing this action in any event.

As noted above, the defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19. Defendants DeBranca and Spadini have not carried their burden in this instance. Accordingly, defendants' motion to dismiss for failure to exhaust administrative remedies should be denied.

/////

**OTHER MATTERS**

Defense counsel has informed the court that the defendants names are Joseph DeBranca (sued as Joseph Debanca) and Phillip L. Spadini (sued as Phillip L. Spandini). Good cause appearing, the court will direct the Clerk of the Court to amend the docket to reflect the correct spelling of defendants' names.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to amend the docket to reflect the correct spelling of defendants' names, Joseph DeBranca and Phillip L. Spadini; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' May 28, 2010 motion to dismiss (Doc. No. 21) be denied; and

2. Defendants be directed to file an answer within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hols2954.57