IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERON KENNETH HOLSTON,

        Plaintiff,                      No. CIV S-09-2954 FCD DAD P

    vs.

JOSEPH DeBRANCA, et al.,

        Defendants.            <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

        Plaintiff has filed a motion for an extension of time to respond to defendant Spadini's discovery requests. Defendants have opposed the motion and expressed concern about not having adequate time to conduct follow-up discovery and file a motion to compel, if necessary, before the discovery deadline in this case. Good cause appearing, the court will grant plaintiff's motion. As to defendants' concerns, in the event that defendants are required to conduct additional follow-up discovery or late-file a motion to compel, defendants may file a motion for leave to act out of time together with their proposed follow-up discovery or motion to compel, and the court will consider the circumstances as explained at that time in determining whether to grant relief from the scheduling order.

1           Plaintiff has also filed a motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

           The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

           Accordingly, IT IS HEREBY ORDERED that:

           1. Plaintiff's motion for an extension of time (Doc. No. 43) is granted;

           2. Plaintiff shall respond to defendant Spadini's discovery requests on or before June 9, 2011; and

           3. Plaintiff's motion for appointment of counsel (Doc. No. 43) is denied.

DATED: May 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hols2954.36disc